UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re                                                                             Chapter 7 Case No. 12-13669-smb

JAMES G. KENNEDY & CO., INC.

                                        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANGELA TESE-MILNER, as Chapter 7 Trustee for
James G. Kennedy & Co., Inc.,

                                        Plaintiff,                                         Adv. P. No. 14-02109-smb

-against-                                                                          **ANSWER**

JAMES G. KENNEDY, JR.,                                                  **JURY TRIAL DEMANDED IN**
JAMES G. KENNEDY CONSULTING                                **THE UNITED STATES DISTRICT**
and ROGER NORTON,                                                        **COURT FOR THE SOUTHERN**
                                                                    **DISTRICT OF NEW YORK**

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Defendant James G. Kennedy, Jr., by his attorney, Peter M. Levine, for his Answer to the Complaint, states:

        1.     Denies each and every allegation contained in paragraph 1, except admits that plaintiff has provided a summary of her understanding of this action but denies knowledge and information sufficient to form a belief regarding the allegations concerning Roger Norton.

        2.     Denies each and every allegation contained in paragraph 2, except admits that James G. Kennedy & Co., Inc. was once managed by James G. Kennedy, Sr., provided high quality service, and had clients; and denies knowledge and information sufficient to form a belief regarding the allegations concerning Norton.

        3.     Denies each and every allegation contained in paragraph 3, except admits that Kennedy was a director and the sole shareholder of James G. Kennedy & Co., Inc. and was the Chief Executive Officer from 1990 to May 2005.

4. Denies each and every allegation contained in paragraph 4, except admits that Norton became the Chief Executive Officer of James G. Kennedy & Co., Inc. in May 2005.

5. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 5, except denies forming a separate company with Norton and denies that James G. Kennedy & Co., Inc. was insolvent from 2009.

6. Denies each and every allegation contained in paragraph 6, except admits that plaintiff has provided a summary of her understanding of this action.

7. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 7.

8. Admits the allegations of paragraph 8.

9. Admits the allegations of paragraph 9.

10. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 10.

11. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 11.

12. Admits the allegations of paragraph 12.

13. Admits the allegations of paragraph 13 but avers that the zip code is 33316.

14. Admits the allegations of paragraph 14.

15. Denies each and every allegation contained in paragraph 15. except admits that Kennedy was Chief Executive Officer of James G. Kennedy & Co., Inc. from 1990 to May 2005

and that Norton became the Chief Executive Officer in May 2005.

16. Denies each and every allegation contained in paragraph 16.

17. Denies each and every allegation contained in paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 18, except admits that, prior to the Petition Date, Kennedy was the sole shareholder and a director of James G. Kennedy & Co., Inc.

19. Admits the allegations of paragraph 19.

20. Denies each and every allegation contained in paragraph 20.

21. Denies each and every allegation contained in paragraph 21 and avers that there was nothing to incorporate, because Kennedy never established or owned James G. Kennedy Consulting.

22. Denies each and every allegation contained in paragraph 22.

23. Denies each and every allegation contained in paragraph 23.

24. Denies each and every allegation contained in paragraph 24 and avers that Kennedy never established or owned James G. Kennedy Consulting.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 25.

26. Denies knowledge and information sufficient to form a belief regarding the

3

allegations contained in paragraph 26.

27.    Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 27.

28.    Admits the allegations of paragraph 28, except denies that Roger Norton became the Chief Executive Officer of James G. Kennedy & Co., Inc. on November 15, 2005; he became the Chief Executive Officer in May 2005.

29.    Admits the allegations in paragraph 29.

30.    Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 30, except denies that Roger Norton became the Chief Executive Officer of James G. Kennedy & Co., Inc. on November 15, 2005; he became the Chief Executive Officer in May 2005.

31.    Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 31.

32.    Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 32.

33.    Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 33.

34.    Paragraph 34 contains legal conclusions to which no response is required. To

4

the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 34.

35. Paragraph 35 describes the relief plaintiff seeks in this action, to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 35.

36. Kennedy neither admits nor denies the allegations contained in paragraph 36 but refers to the Petition and Schedules filed by James G. Kennedy & Co., Inc. for their contents.

37. Kennedy neither admits nor denies the allegations contained in paragraph 37 but refers to the Petition and Schedules filed by James G. Kennedy & Co., Inc. for their contents.

38. Denies each and every allegation contained in paragraph 38.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 39.

40. Denies each and every allegation contained in paragraph 40.

41. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 41 and avers that Roger Norton's son-in-law works at Berger, Macdonald & Rand LLP.

42. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 42.

43. Denies each and every allegation contained in paragraph 43 except denies knowledge and information sufficient to form a belief regarding the alleged short term note, accounts

5

receivable, property and equipment, and officer loan.

44. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 44 and avers that Roger Norton's son-in-law works at Berger, Macdonald & Rand LLP.

45. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 45 and avers that Roger Norton's son-in-law works at Berger, Macdonald & Rand LLP.

46. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 46.

47. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 47.

48. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 48.

49. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 49.

50. Kennedy neither admits nor denies the allegations contained in paragraph 50 but refers to the Statement of Financial Affairs filed by James G. Kennedy & Co., Inc. for its contents.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 52.

53. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 53.

54. Denies each and every allegation contained in paragraph 54.

55. Denies each and every allegation contained in paragraph 55, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

56. Denies each and every allegation contained in paragraph 56, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

57. Denies each and every allegation contained in paragraph 57, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

58. Denies each and every allegation contained in paragraph 58, except admits that Kennedy caused James G. Kennedy & Co., Inc. to terminate the employment of Roger Norton and several other employees.

59. Denies each and every allegation contained in paragraph 59, except admits that plaintiff has provided a self-serving description of a list attached as part of Exhibit A to the Complaint.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 60, except admits that plaintiff has provided a self-serving description of a list attached as part of

Exhibit A to the Complaint.

      61.    Denies each and every allegation contained in paragraph 61.

      62.    Denies each and every allegation contained in paragraph 62.

      63.    Denies each and every allegation contained in paragraph 63.

      64.    Denies each and every allegation contained in paragraph 64.

      65.    Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 65, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

      66.    Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 66, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

      67.    Denies each and every allegation contained in paragraph 67, except denies knowledge and information sufficient to form a belief regarding what the Trustee may have determined.

      68.    Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 68, except denies that Kennedy established or had anything to do with K&N Associates.

      69.    Denies each and every allegation contained in paragraph 69, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

14-02109-smb    Doc 6    Filed 10/10/14    Entered 10/10/14 17:00:54    Main Document
Pg 9 of 19

70. Denies each and every allegation contained in paragraph 70.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 71.

72. Denies each and every allegation contained in paragraph 72 and avers that plaintiff's counsel should refrain from spouting meaningless hyperbolic rhetoric.

73. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 73.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 74.

75. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 75.

76. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 76.

77. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 77, except denies that Kennedy received anything without a valid business purpose and in derogation of the debtor's rights or the rights of the debtor's creditors.

78. Paragraph 78 contains legal conclusions to which no response is required. To

9

the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 78.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 79.

80. Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 80, except denies that Kennedy established or had anything to do with K&N Associates.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 81.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 82.

83. Paragraph 83 describes the relief plaintiff seeks in this action, to which no response is required. To the extent a response is required and to the extent the allegations in paragraph 83 allege misconduct on the part of Kennedy, Kennedy denies the allegations. Kennedy denies knowledge and information sufficient to form a belief regarding the regarding the actions of Roger Norton.

84. In response to paragraph 84, Kennedy repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-83.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 85, except admits that Kennedy was a director of James G. Kennedy & Co., Inc. during the period August 29, 2011 through August 28, 2012 and denies there is or ever was any such entity as James G. Kennedy Consulting.

86. Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 86, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

87. Denies each and every allegation contained in paragraph 87, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

88. Denies each and every allegation contained in paragraph 88.

89. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 89.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 90.

91. Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 91, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

92. Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 92, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 93, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 94, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 95, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

96. In response to paragraph 96, Kennedy repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-95.

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 97, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

98. Denies each and every allegation contained in paragraph 98, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

99. Denies each and every allegation contained in paragraph 99.

100. Denies each and every allegation contained in paragraph 100.

101. Denies each and every allegation contained in paragraph 101.

102. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 102, except denies that Kennedy had anything to do with K&N Associates.

103. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 103.

104. Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 104, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 105.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 106, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

107. Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 107, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

108. Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 108, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 109, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

110. In response to paragraph 110, Kennedy repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-109.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 111, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

112. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 112, except denies receiving loans from James G. Kennedy & Co., Inc.

113. Paragraph 113 contains legal conclusions to which no response is required.

To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 113.

114.    Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 114, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

115.    Denies each and every allegation contained in paragraph 115, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

116.    Denies each and every allegation contained in paragraph 116, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

117.    In response to paragraph 117, Kennedy repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-116.

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 118.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no response is required.

To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 120.

121.   Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 121.

122.   Paragraph 122 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 122.

123.   Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 123.

124.   Denies each and every allegation contained in paragraph 124, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

125.   Denies each and every allegation contained in paragraph 125.

126.   Denies each and every allegation contained in paragraph 126.

127.   Denies each and every allegation contained in paragraph 127.

128.   Denies each and every allegation contained in paragraph 128.

129.   Denies each and every allegation contained in paragraph 129.

130.   Denies each and every allegation contained in paragraph 130.

131.   Denies each and every allegation contained in paragraph 131.

16

132. Denies each and every allegation contained in paragraph 132, except denies knowledge and information sufficient to form a belief regarding the actions of Roger Norton.

133. Denies each and every allegation contained in paragraph 133, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

134. Denies each and every allegation contained in paragraph 134, except denies knowledge and information sufficient to form a belief regarding payments to Roger Norton.

135. In response to paragraph 135, Kennedy repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-134.

136. Denies each and every allegation contained in paragraph 136, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

137. Denies each and every allegation contained in paragraph 137, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

138. Denies each and every allegation contained in paragraph 138, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

139. Denies each and every allegation contained in paragraph 139, except denies knowledge and information sufficient to form a belief regarding what is in the possession, custody or control of Roger Norton.

140. In response to paragraph 140, Kennedy repeats the corresponding admissions,

averments, and denials pleaded in response to paragraphs 1-139.

141. Denies each and every allegation contained in paragraph 141.

142. Denies each and every allegation contained in paragraph 142.

143. Denies each and every allegation contained in paragraph 143.

144. Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 144.

145. Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 145.

146. Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is required, Kennedy denies each and every allegation contained in paragraph 146, except admits that Kennedy was a director of James G. Kennedy & Co., Inc.

147. Denies each and every allegation contained in paragraph 147.

148. Denies each and every allegation contained in paragraph 148.

149. Denies each and every allegation contained in paragraph 149.

150. Denies each and every allegation contained in paragraph 150.

**FIRST AFFIRMATIVE DEFENSE**

151.    The Trustee's claims are barred by the statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

152.    The Trustee has failed to state a cause of action upon which relief may be granted.

WHEREFORE, Kennedy demands judgment against plaintiff dismissing the Complaint in its entirety, awarding to Kennedy his costs and disbursements of this action, including reasonable counsel fees, and granting to Kennedy such other, further, and different relief the court deems just and proper.

**JURY DEMAND**

PLEASE TAKE NOTICE that Kennedy demands a trial by jury on all issues in the United States District Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that Kennedy does not consent to a jury trial conducted by the bankruptcy court.

PLEASE TAKE FURTHER NOTICE that Kennedy does not consent to entry of final orders or judgments by the bankruptcy court.

Dated:  New York, New York
        October 10, 2014

/s/ Peter M. Levine
PETER M. LEVINE (PML-7630)
Attorney for James G. Kennedy, Jr.
99 Park Avenue, Suite 330
New York, New York 10016
212-599-0009